M. G. MILLER *et al.* v. ELVIRA D. STUCK *et al.*

**No. 13,727.** (77 Pac. 552.)

SYLLABUS BY THE COURT.

HOMESTEAD AND EXEMPTIONS—*Action by Heirs against Creditors to Quiet Title.* A defendant in an action by heirs to quiet their title is not prejudiced by a judgment that bars him from claiming an interest in the premises so long as they are occupied and impressed with a homestead character, when he, as a creditor of the estate, is asserting no interest therein while that condition continues.

Error from Johnson district court ; W. H. SHELDON, judge. Opinion filed July 7, 1904. Affirmed.

*J. W. Parker*, for plaintiffs in error.

*C. B. Little, John T. Little, H. L. Burgess, I. O. Pickering*, and *James P. Hindman*, for defendants in error.

42—69 KAN.

The opinion of the court was delivered by

ATKINSON, J.: In the year 1888 Isaac C. Stuck died intestate, owning and occupying as a homestead the land in controversy, situated in Johnson county, a tract containing 160 acres. He left, as his only heirs, a widow, Elvira D. Stuck, and seven children, four of them minors, the oldest four being children by a former wife. The widow was appointed administratrix, and the claims of creditors were presented and allowed against the estate by the probate court. The administratrix sold the personal property, the proceeds, after the payment of the expense of administration, being sufficient to pay only 22½ per cent. on claims of the fifth class. There was no real estate but the homestead. The administratrix made final settlement and was discharged in December, 1891. Some of the children, upon attaining their majority, sold and executed deeds of conveyance to their respective interests in the premises. The widow and those of the children who had not sold their interests therein made several attempts to do so. Upon each occasion when there had been found a purchaser for their interests, one or more of the creditors whose claims had been allowed against the estate, by claiming an interest, present or prospective, in the premises, as a creditor of the estate, would defeat the sale.

This action was brought by the widow and the children still owning interests in the premises, and by the grantees of the children who had conveyed their interests, who were joined as plaintiffs, against the creditors of the estate whose claims had been allowed by the probate court as demands of the fifth class, to quiet the title of plaintiffs against the claims of such cred-

itors.   The court rendered judgment for plaintiffs, and
defendants bring error.

It was claimed by plaintiffs that the premises had
continued to be occupied by the widow and minor
children and were impressed with the homestead char-
acter, and for that reason defendants had no interests
therein and could acquire none; and that, if the
premises had ceased to be impressed with the home-
stead character, defendants could have had no claim
therein or lien thereon for the reason that the demand
of each of the defendants against the estate had be-
come barred by the statute of limitations.    Each of
the defendant creditors who asserted an interest in his
answer expressly denied a present interest in the
premises, or a right to enforce his claim against the
premises at that time.    It was urged by defendants
that plaintiffs could not maintain an action to quiet
title; that if plaintiffs were entitled to maintain such
action, it could only be for such time as the widow and
minor children continued to occupy the premises and
the premises continued impressed with the homestead
character; that the widow and minor heirs were likely
to abandon the premises at any time; that the plain-
tiffs who were grantees of the heirs were never in
the occupancy of the premises and could not maintain
an action to quiet title against defendants; that if the
claims of defendants were barred by the statute of limi-
tations, then, before plaintiffs could ask equity, they
must do equity, and discharge the demands of defend-
ants.    The court made findings of fact and conclusions
of law, finding that the premises in controversy had
been occupied by the widow and her minor children
at the time of the commencement of the action; that,
as to the widow and minor children, the premises were
impressed with the homestead character; that the

premises had never been abandoned as a homestead; that the interests of the plaintiffs and defendants claiming by deeds of conveyance from the heirs of Isaac C. Stuck, deceased, were acquired while the premises were impressed with the homestead character. The judgment barred the defendants claiming as judgment creditors of the estate ''from setting up or claiming any right, title or interest of, in or to said lands herein, as long as the same shall be occupied as, and impressed with the character of, a homestead.''

If the defendants claiming as creditors of the estate had, as claimed by each in his answer, a prospective interest in the tract in controversy, and whether they had or not we do not here determine, they were not prejudiced by the judgment of the trial court. Each in his answer expressly denied a present interest in the premises, or a right to enforce his claim against the premises at the time of filing such answer. The judgment of the court barred each of the defendant creditors from setting up or claiming any rights in the premises so long as they should be impressed with the homestead character and so occupied. It is apparent that the defendants, in their claims against the premises, if any they had, were not prejudiced by the judgment rendered, and hence the errors assigned become unimportant and will not be discussed.

The judgment of the court below is affirmed.

All the Justices concurring.